UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. ZIMMERMAN,

    Plaintiff,

v.                                          Case No. 1:09-cv-1079
                                             Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on December 27, 1959 (AR 96).[1] He completed a GED and had additional job training in machine work (AR 106). He alleged a disability onset date of May 20, 2003 (AR 96). Plaintiff had previous employment as a truck driver and food bagger (AR 101). Plaintiff identified his disabling conditions as hepatitis C, chronic liver disease, heart attack, sleep apnea, substance abuse and chronic fatigue (AR 100). On July 27, 2007, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 28-40). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through September 30, 2009, and has not engaged in substantial gainful activity since the alleged onset date of May 20, 2003 (AR 30). At step

two, the ALJ found that plaintiff suffered from severe impairments of Hepatitis C and depression (AR 30). In addition, the ALJ found that plaintiff's pulmonary problems, cardiac problems and past substance abuse were not severe impairments (AR 34-35). The ALJ further found that plaintiff's allegation of sleep apnea was not medically determinable (AR 35). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 35).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to lift and/or carry 10 pounds frequently and 20 pounds occasionally; and in an 8-hour workday with normal breaks, he could stand and/or walk for a total of about 6 hours, could sit for a total of about 6 hours, and could do unlimited pushing and/or pulling. He could occasionally climb and could frequently balance, stoop, kneel, crouch and crawl; and he has no environmental restrictions. The claimant would be limited to tasks that can be learned in less than 30 days involving simple work-related decision with few workplace changes and no exposure to hazardous conditions secondary to chronic substance abuse and fatigue.

(AR 37). The ALJ also found that plaintiff was unable to perform any of his past relevant work (AR 39).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of jobs in the national economy (AR 39-40). Specifically, plaintiff could perform approximately 211,000 light unskilled jobs in the regional economy and 150,000 sedentary unskilled jobs in the regional economy (AR 40). Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act from May 20, 2003 through the date of the decision (AR 40).

## III. ANALYSIS

Plaintiff raised four issues on appeal:

**A. The ALJ erred in assessing RFC because he improperly gave controlling weight to a non-examining physician when controlling weight should have been given to the treating source and failed to give good reasons for disregarding the plaintiff's treating medical sources.**

### 1. Dr. Coates

Plaintiff contends that the ALJ did not properly consider the opinions expressed in a May 15, 2007 declaration by a treating physician, Allan Coates, D.O. Dr. Coates, a board certified gastroenterologist, treated plaintiff beginning 2003 and forth the following opinions in the declaration (AR 523-24). Plaintiff suffers from "chronic Hepatitis C with Grade II inflammation and severe fibrosis (Stage III) as confirmed in a liver biopsy performed on July 21, 2004" (AR 523). Due to his reports of anxiety, depression, and coronary artery disease, plaintiff cannot be treated with Interferon and Ribaviran (AR 523). For this reason, the doctor prescribed "milk thistle" (AR 523). Plaintiff also suffers from "significant chronic fatigue" (AR 523). "Chronic fatigue, lack of energy, and a need to sleep frequently throughout the day are symptoms consistent with [plaintiff's] diagnosis of Hepatitis C with Grade II inflammation and Stage III fibrosis" (AR 523).

Dr. Coates advised plaintiff not to return to work in his present medical condition (AR 523). In the doctor's opinion, plaintiff's Hepatitis C has advanced to the point that it causes chronic fatigue making it "impossible for him to work any job where he cannot take sleep or rest breaks of 1/2 hour duration or more every 1 1/2 to 2 hours in the course of the work day" (AR 524). In addition, the doctor opined that plaintiff cannot "work at any job where he is not allowed to take several full-day and/or partial-day medical leave absences per month in order to recuperate from bouts of severe fatigue" and that in a bad month, he could easily be absent from work 3 days or more

5

(AR 524). Finally, the doctor opined that plaintiff was impaired to this extent when he began treatment in 2003 and that his impairments from the advanced Hepatitis C are unlikely to change in the foreseeable future, except for the worse (AR 524).

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ did not give Dr. Coates' May 2007 opinion controlling weight because it was "neither consistent with nor supported by the treating clinical notes" (AR 38). Rather, the ALJ assigned controlling weight to the non-examining state agency consultant Dinesh D. Tanna, M.D., whose opinions were based upon evidence obtained through November 2004 (AR 38, 429-37). Dr. Tanna determined that plaintiff could perform a range of light work (AR 429-37). In reaching this determination, the ALJ discussed plaintiff's daily activities which were "inconsistent with his complaints of fatigue" (e.g., performing household chores, grocery shopping once or twice a month, getting the younger children ready for school, and driving 3 to 4 times a week) (AR 38). In addition, the ALJ observed that plaintiff's allegations of disabling fatigue are "more consistent with his substance abuse," based upon a mental health worker's statement from March 2005 that plaintiff: is an extensive user of drugs and alcohol; "will use and abuse almost anything that he has been able to get his hands on, in the past;" has in the past has sniffed glue, used amphetamines intravenously, used crack cocaine, and abused Valium, Vicodin and Codeine; and "continues to smoke Marijuana off and on as well as drink occasionally" (AR 38). The ALJ noted that plaintiff continued to abuse marijuana and alcohol until November 2005 (AR 38).

Under the circumstances of this case, the ALJ did not articulate good reasons for failing to give controlling weight to the opinion of Dr. Coates, the specialist who treated plaintiff from 2003 through 2007. The doctor's treatment notes support his declaration regarding plaintiff's diagnosis and the underlying medical problems which prevented treatment with Interferon and Ribavirin (AR 390-409, 474-98, 521). Dr. Coates' opined that plaintiff's claims of chronic fatigue were consistent with his medical history of advanced Hepatitis C. The ALJ did not articulate any particular reasons for rejecting Dr. Coates' opinion regarding the limitations posed by plaintiff's

7

Hepatitis C, other than a blanket assertion that it was neither consistent with nor supported by the treating clinical notes. Given the record in this case, the ALJ's statement did not constitute "good reasons" for rejecting Dr. Coates' opinion. Indeed, as a treating specialist offering an opinion in his area of expertise, the doctor's opinion should have been given increased weight. *See* 20 C.F.R. § 404.1527(d)(5) ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist").

In addition, the ALJ's determination that plaintiff's allegation of disabling fatigue was "more consistent with his substance abuse" than the Hepatitis C was not supported by the medical evidence. The ALJ may not substitute his medical judgment for that of a claimant's physicians. *See Meece v. Barnhart*, 192 Fed. Appx. 456, 465 (6th Cir.2006) ("the ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record. And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). Furthermore, while the ALJ discussed plaintiff's history of substance abuse as a cause for plaintiff's fatigue, he did not evaluate the abuse as a factor in plaintiff's disability claim as contemplated by the statute.[2]

For these reasons, the court concludes that the ALJ did not articulate good reasons for rejecting Dr. Coates' opinions regarding plaintiff's chronic fatigue due to Hepatitis C.

---

[2] Under the applicable federal law, 42 U.S.C. § 423(d)(2)(C), drug addiction or alcoholism may not be a material factor to a disability finding. *Bartley v. Barnhart*, 117 Fed. Appx. 993, 998 (6th Cir. 2004). In accordance with this restriction, an ALJ should look to periods of sobriety in the record to determine whether a claimant suffers from a work-limiting condition independent of substance abuse. *Id.*

Accordingly, this action should be reversed and remanded pursuant to sentence four of § 405(g) for a re-evaluation of the doctor's opinion.[3]

### 2. NP Brubaker

Plaintiff also contends that the ALJ failed to give controlling weight to opinions expressed by Nurse Practitioner (NP) Brubaker. Contrary to plaintiff's contention, the "treating physician rule" is inapplicable NP Brubaker. The requirement that the Commissioner give "good reasons" for the weight given to an opinion applies only to "treating sources" (i.e., a physician, psychologist or other acceptable medical source who has provided medical treatment or evaluation). *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007) ("[b]efore determining whether the ALJ violated *Wilson* by failing to properly consider a medical source, we must first classify that source as a 'treating source'"). A nurse practitioner is not a "treating source" whose opinion is entitled to deference. *See* 20 C.F.R. §§ 404.1502; 404.1513(a) (list of acceptable medical sources who can provide evidence to establish an impairment does not include a nurse practitioner); 404.1527(a)(2). Thus, "the deferential reason-giving requirements for the rejection of a treating-source opinion necessarily do not apply where the source in question is not an 'acceptable medical source.'" *Burke ex rel. A.R.B. v. Astrue*, No. 6:07-cv-376, 2008 WL 1771923at *7 (E.D. Ky. April 17, 2008). Because NP Brubaker is not an acceptable medical source, the ALJ was neither required to give his opinion "complete deference" nor subject to the "good reason" requirement of § 404.1527(d)(2). *See Smith*, 482 F.3d at 876; *Burke ex rel. A.R.B.*, 2008 WL 1771923at *7.

---

[3] In finding that the ALJ failed to articulate good reasons for not crediting Dr. Coates' opinions, the court expresses no opinion on whether plaintiff's substance abuse is a contributing factor which precludes the award of disability benefits.

**B.	Substantial evidence does not support the credibility determination.**

Plaintiff contends that the ALJ erred in finding that he was not entirely credible. Plaintiff's main contention is that his claim of fatigue and need to take frequent naps is corroborated by his former supervisor at Garden Gate Greenhouse, Inc. The supervisor, David Edmunds, stated that plaintiff was an unsatisfactory delivery driver in 2005 and 2006 (AR 219). Mr. Edmunds noted that while some of his drivers who are "in their 70's" could keep up with the delivery schedules, plaintiff's "fatigue was such that he had to stop and take frequent naps" (AR 219). In short, Mr. Edmunds' testimony corroborates the fact that plaintiff took frequent naps on the job.

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded). *See Sullenger v. Commissioner of Social Security*, No. 07-5161, 2007 WL 4201273 at *7 (6th Cir. Nov. 28, 2007) ("[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact").

The ALJ did not address this particular credibility issue in any detail, stating that "[a]fter considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (AR 38). The court typically does not disturb an ALJ's credibility determination. However, this credibility evaluation by the ALJ, without further elucidation, is of little assistance

to the court on appeal. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) (an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning"). Given the nature of this testimony by plaintiff's supervisor (who has no apparent stake in the outcome of this action), and the absence of any discussion of this evidence by the ALJ, the court concludes that the Commissioner should re-visit the issue of plaintiff's credibility on remand. Accordingly, this matter should be remanded pursuant to sentence four of § 405(g) for a more complete evaluation of plaintiff's credibility.

      **C.    The ALJ did not reach his burden at step five because he failed to pose a hypothetical question to the vocational expert that included his RFC.**

Finally, plaintiff states that the ALJ did not pose a hypothetical question to the vocational expert (VE) to support his conclusion that plaintiff could perform 211,000 unskilled light jobs and 150,000 unskilled sedentary jobs. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Services.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

The ALJ posed three hypothetical questions to the VE. The first hypothetical asked for the number of jobs in the Michigan economy available for an individual of plaintiff's "age, education, and work experience" (AR 565). The VE testified that there would be approximately 211,000 light unskilled jobs and 150,000 sedentary unskilled jobs that such an individual could perform (AR 565). As plaintiff points out, the hypothetical did not include plaintiff's limitations as set forth in the ALJ's decision (AR 37). The ALJ posed two hypothetical questions to the VE which included various work limitations related to fatigue (e.g., the need for three unplanned absences per month and the need to take more than one break a day in addition to normal breaks) (AR 565). In response to both hypothetical questions, the VE testified that such limitations would be preclude the previously identified jobs (AR 565).

The VE's testimony that plaintiff could perform the light and sedentary unskilled jobs is not supported by substantial evidence. The hypothetical questions did not address plaintiff's significant limitations as set forth in the RFC (e.g., limited standing, limited walking, limited sitting, occasional climbing, and "tasks that can be learned in less than 30 days involving simple work-related decision with few workplace changes and no exposure to hazardous conditions secondary to chronic substance abuse and fatigue") (AR 37). These limitations would erode the 361,000 jobs identified by the VE. The ALJ failed to include limitations which the ALJ found as credible. *See Blacha*, 927 F.2d at 231. Accordingly, this matter should be reversed and remanded pursuant to sentence four of § 405(g) for a re-evaluation of the vocational evidence.

**IV.     New evidence**

Plaintiff also seeks a sentence-six remand for the purpose of evaluating new evidence from Dr. Coates, specifically a letter dated September 27, 2007. *See* docket no. 9-2. When a

12

plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the prior proceeding.

The standard in determining whether to remand a claim for the consideration of new evidence is governed by statute:

> The court . . . may at any time order the additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g)(emphasis added).

In the present case, plaintiff has not shown good cause for failing to present this evidence to the ALJ. "Good cause" is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986). While Dr. Coates continued to treat plaintiff, the letter at issue is not a medical record or a treatment note. Rather, it was nothing more than a response to the ALJ's decision denying benefits which plaintiff submitted to the Appeals Council (AR 10). The good cause requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) (observing that the grant of

automatic permission to supplement the administrative record with new evidence after the ALJ issues a decision in the case would seriously undermine the regularity of the administrative process). Plaintiff's request to review this new evidence should be denied.

### V.     Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Coates' opinions, re-evaluate plaintiff's credibility, and re-evaluate the vocational evidence.


Dated:  November 17, 2010                         /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).